**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JOHN E. PORTER,**
        **Plaintiff,**

**vs.**                                            **Case No. 3:06cv204/RV/MD**

**JUSTIN I. REMOL, et al.,**
        **Defendants.**

___

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's pleading entitled "Verified Complaint; Demand of Jury Trial; Summons; Acceptance of Magistrate Judge; Demand for Binding Arbitration; Notice of Removal."  (Doc. 1).  Simultaneously with this filing, plaintiff paid the filing fee and submitted a Civil Cover Sheet in which he indicated the origin of this action as "Removed from State Court."  (Doc. 2). Nonetheless, the clerk of court docketed the pleading as a verified complaint. Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), and Northern District of Florida Local Rule 7.2(A).  (Doc. 10).  They have also filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  (Doc. 12).  After careful consideration of the record in this case and the parties' submissions, the undersigned concludes that plaintiff's original pleading should be construed as a notice of removal, and that this matter should be remanded to the state court from which it was removed.

## BACKGROUND AND PROCEDURAL HISTORY

The record of this action in the Circuit Court of Okaloosa County, Florida from where it was removed shows that plaintiff John E. Porter ("Porter") was neither a

defendant nor a party in this action originally.  On April 18, 2006 defendant Charles R. Miller ("Miller"), represented by defendant Justin I. Remol ("Remol"), filed a civil complaint against one Joseph Sterbaggi and one Rolando Valdes for breach of contract based on these individuals' alleged breach of non-compete agreements. (*See* www.clerkofcourts.cc/, Case Number  2006 CA 001579 C).  Miller did not assert any rights based on federal law; rather, the action was predicated entirely upon state contract law.  Just after Sterbaggi and Valdes were served, on May 8, 2006 Porter filed a "Notice of Removal & Certificate of Service" in state court, asserting that he was the "assignee" of Valdes' and Sterbaggi's interests in the litigation, and that "in accordance with Federal Code Title 28 Section 1446 et. seq. and the Florida Rules of Civil Procedure 1.010 et. seq., . . . this case is being transferred to the United States District Court For The Northern District of Florida, Pensacola, wherein Porter claims status of Plaintiff against those summoned to the proper jurisdiction for federal and all other claims between the parties." (*See* www.clerkofcourts.cc/, Case Number  2006 CA 001579 C, Notice of Removal).  In that notice of removal, Porter, without leave of court, substituted his name as "Defendant & Assignee" in place of the named defendants (Valdes and Sterbaggi).  (*Id.*).

      The same day Porter filed the notice of removal in state court, he initiated the instant federal action.  Porter's initial pleading in this court (doc. 1), which the undersigned refers to as "Federal Notice of Removal," styled himself as plaintiff, styled Miller as a defendant, and named several more persons as defendants, including Remol and the law firm with which he was associated.[1]  Porter asserted eight "counts" against the named defendants, claiming that they violated various constitutional rights and federal laws, as well as "contract and tort laws."  Porter asserted that he was "the bonafide purchaser for value" of "all [of Sterbaggi's and Valdes'] right, title and interest for any matters that evolve from their association with former plaintiffs in Okaloosa County Case No: 06-CA-1579-C," and as such, that

---

[1]Porter's Federal Notice of Removal names the following defendants: Justin Remol, Cadenhead Law Firm, Charles R. Miller, Suntana Hickey, Jack Williams, III, Precision Colorworks, Does 1-10, and Roes 1-10.

Porter was "the only proper party who can claim Plaintiff status. . . ."  (Doc. 1, p. 3). As relief, Porter requested monetary damages.

On July 18, 2006 the defendants named in Porter's Federal Notice of Removal filed a motion requesting that this case be dismissed pursuant to Federal Rule of Civil Procedure 12(b) and Northern District of Florida Local Rule 7.2.  (Doc. 10).  In addition, they filed a motion for Rule 11 sanctions.  (Doc. 12).[2]

On August 23, 2006 Porter filed a pleading entitled "Notice of Dismissal and Dismissal of Complaint," under Federal Rule of Civil Procedure 41(a).  (Doc. 20). Porter asserted that since he was dismissing his "complaint," he did not need to respond to defendants' motions.  Defendants opposed the voluntary dismissal, asserting that the court should rule on their motion for sanctions even if it dismissed the action.  (Doc. 21).  Porter responded by filing a document entitled "Plaintiffs Opposition to Defendants Motion for Sanctions.  Plaintiffs Notice of Recision of Plaintiffs Revocation of Notice of Dismissal Filled with the Clerk of Court."  (Doc. 22) (grammatical, spelling and punctuation errors in original).

The undersigned held a hearing on September 21, 2006 to address all pending motions, including Porter's latest submission.  At the hearing, the court directed Porter to explain who he was, the nature of his relationship to the state and federal court proceedings, and the basis upon which he had standing to remove the state case.  Porter explained that Valdes was the father of Porter's brother's grandchild, and that Porter became involved in the state court action as a result of his belief that Miller's lawsuit was baseless and his actions toward Valdes and Sterbaggi

---

[2]Whether defendants meant to, they in fact complied with Rule 11's safe harbor requirement. *See* Fed. R. Civ. P. 11(c)(1)(A) (providing that the Rule 11 motion "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."). The docket reflects that counsel for defendants served and attempted to file their motion to dismiss and motion for sanctions on May 18, 2006. The motions were returned by the clerk without filing on a deficiency order. (Doc. 6). Thereafter, defendants' counsel and Porter corresponded concerning the issues raised in the motions (doc. 13, pp. 25-30, 35-45) and eventually met on June 8, 2006 in an attempt to resolve the issues.  (Doc. 17).  After those efforts were unsuccessful, defendants filed the motion to dismiss and motion for Rule 11 sanctions on July 18, 2006.  (*See* docs. 10, 12, 13 and attachments, 17).  Thus, Porter had more than twenty-one days between the date the Rule 11 motion was served and the date it was filed in which to withdraw his Federal Notice of Removal.

unconscionable.  After explaining the concept of legal standing to Porter, the court inquired what legal authority supported the proposition that the facts he presented established his status as a person entitled to remove the action to this court.  Porter was unable to provide any such authority, but argued the ultimate merits of the substantive claims underlying the state court action (*i.e.*, the validity of the non-competes).  The court heard the parties on the issue of sanctions, and concluded the hearing by providing Porter thirty days in which to submit legal authority to support his standing.  Porter has responded by submitting additional argument on the issues of standing and sanctions, but no legal authority.  (Doc. 31).

## DISCUSSION

**Unauthorized Removal**

The statutory provisions governing removal of cases from state courts are contained in 28 U.S.C. §§ 1441-1453.  It is clear from the plain language of these provisions that only the defendant or defendants are entitled to remove an action.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States. . . ." (emphasis supplied); *see also* 28 U.S.C. § 1442(a) and (b), § 1442a, § 1443.  Moreover, section 1446 discusses the removal procedure in the exclusive context of removal by a defendant or defendants.  28 U.S.C. § 1446.  It is, therefore, unquestionable that one seeking to remove an action from a state court to a federal court must not only be a defendant in the action but also hold the status of a party therein.

In the instant case, Porter was not a defendant or a party in the state court action.  At the time Porter filed his notices of removal in state court and here, his substitution of himself as a party in place of Valdes and Sterbaggi had no basis under applicable substantive law.  *See Allegiance Healthcare Corp. v. Coleman*, 232 F.Supp.2d 1329, 1332  (S.D. Fla. 2002) (citing *Schweiger v. Hoch*, 223 So.2d 557, 558 (Fla. 4th Dist. Ct. App. 1969)); *Sun Group Enters. Inc. v. DeWitte*, 890 So.2d 410, 412

(Fla. 5th Dist. Ct. App. 2004); *Jenkins v. Eckerd*, 913 So.2d 43 (Fla. 1st Dist. Ct. App. 2005) (quoting *L.V. McClendon Kennels, Inc. v. Investment Corp. of South Florida*, 490 So.2d 1374, 1375 (Fla. 3rd Dist. Ct. App. 1986)). Nor had Porter complied with any of the procedural requirements for substitution -- he had not moved in the state court to allow his substitution as a party defendant, nor had the state court entered an order allowing or disallowing him being joined as a substitute defendant. *See* Fla. R. Civ. P. 1.250(c). Therefore, Porter had no status as a defendant or even as a party to the state suit and, accordingly, had no standing to remove the action to this court. *Cf. Kane v. Republica De Cuba*, 211 F.Supp. 855 (D. Puerto Rico 1962) (holding that petitioner in intervention in state court whose petition had not been allowed had no standing to remove case to federal district court). Since Porter's removal was not authorized, this case should be remanded to the state court whence it was removed.[3]

**Rule 11 Sanctions**

Defendants seek sanctions against Porter under Rule 11(b)(1) and (2), describing various conduct which violated those provisions. They contend, in relevant part, that in the Federal Notice of Removal, Porter asserted to have acquired legal standing via assignment of a contract of a personal nature, and that this legal contention was unwarranted by existing law and/or advanced a frivolous argument for the extension, modification, or reversal of existing law. (Doc. 12). Defendants further contend that Porter brought the federal action "out of anger and spite," and that Porter's intent in filing this federal action was to drive up the cost of litigation, to intimidate Miller from pursuing his legal remedies against Sterbaggi and Valdes, and to retaliate against Remol for filing an Unlicensed Practice of Law Complaint

---

[3] In addition, it is noted that Porter's Federal Notice of Removal met virtually none of the procedural requirements for removal under 28 U.S.C. § 1446(a). It was not signed pursuant to Federal Rule of Civil Procedure 11; it did not contain a short and plain statement of the grounds for removal; and it did not contain "a copy of all process, pleadings, and orders served" upon Sterbaggi and Valdes in the state court. Additionally, Porter failed to comply with Local Rule 7.2, which requires the removing party to file, within ten days of filing the notice of removal, "true and legible copies of all process, pleadings, motions and orders then on file in the state court." N.D. Fla. Loc. R. 7.2(A). His later attempt to excuse these deficiencies (see doc. 31, p. 5) is unavailing.

against Porter.[4]  As relief, defendants seek monetary sanctions: (1) defendants' reasonable expenses and attorneys fees incurred in defending this action, (2) the lost income and travel expenses incurred by any defendant who attended the court hearing, and (3) defendants' counsel's expenses incurred as a result of plaintiff's Rule 11 violations.  (*Id.*, p. 4).  In addition, they seek the following nonmonetary sanctions: (1) that Porter be ordered to deliver signed apologies to each and every defendant for the wrongful filing of the federal action; and (2) that Porter be ordered to cease and desist any and all contact with each and every defendant.  (*Id.*).

Rule 11 provides that by presenting to the court a pleading or other paper, a person is certifying that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,  that the claims, defenses, and other legal contentions therein are warranted by existing law.  Fed. R. Civ. P. 11(b)(2).  After careful consideration of the parties' submissions and argument, the court concludes that Rule 11 sanctions against Porter are appropriate based on his patently frivolous assertion to have acquired standing to remove the case to federal court.  As discussed above, at the time Porter filed the Federal Notice of Removal, he had no legal or factual basis to assert that he had standing or had been substituted as a defendant in the underlying state court case.  Had he engaged in a minimum of research, he would have learned that controlling case law was contrary to his asserted position.  *See* cases cited *supra*.  After the court required Porter to research the question, his submission was unresponsive in that he failed to cite any

---

[4]In support of their motion for sanctions, defendants have attached a letter from Remol to Porter which was mailed prior to Miller filing the state court action.  In that letter, Remol outlines Miller's claims against Valdes and Sterbaggi, explains Miller's intent to file a complaint against them in state court if they continue to violate the non-competes, and advises Porter of the severity of practicing law without a license.  (*Id.*, ex. A).  Also attached is Porter's letter response, in which he states that his "relationship to any bar association is none of [Remol's] concern" and that he "would be the plaintiff in any action against [Remol's] clients."  (*Id.*, ex. B, ¶ 2).  Porter further advises that "[i]f this matter continues . . ., I have the rest of my life to pursue these issues and litigation and I am known as a fast learner."  (*Id.*, ¶ 3).  He closes by stating, "I am the real party in interest.  You have actual notice of this fact.  If litigation is filed, I will step in, post bond with the court, which I will require your clients to match, and then I will remove the case to the U.S. District Court and at that point, there will be no more settlement talks or resolution except through the court."  (*Id.*, p. 2).

legal authority on the issue of standing.[5]  He merely explained his reasons for getting involved in the state court case (*i.e.*, his heartfelt belief that Miller's actions were unconscionable).  (Doc. 31, pp. 10-11).  The court finds that an appropriate sanction for Porter's conduct is to require him to pay the reasonable expenses and attorney's fees incurred by defendants as a result of his conduct and in connection with defendants' presentation of their motion for sanctions.  This includes any expenses incurred by defendants in connection with the hearing held on September 21, 2006.  This sanction is sufficient and necessary to deter repetition of the type of conduct Porter engaged in here.  The undersigned will make a supplemental or amended report and recommendation on the amount of the sanction once the court has received, in affidavit form, itemization of the attorney's and expenses referenced above.[6]

Accordingly, it is respectfully RECOMMENDED:

1.  That the clerk be directed to correct the docket to reflect that Doc. 1 is a Notice of Removal.

2.  That the removal (doc. 1) be DISMISSED as improper, and that this case be REMANDED to the Circuit Court of Okaloosa County, Florida.

3.  That the clerk be directed to mail a certified copy of the court's order of remand to the clerk of the Circuit Court of Okaloosa County, Florida.

4.  That defendants' motion for Rule 11 sanctions be GRANTED.

5.  That defendants have fifteen (15) days from the date of the order adopting this Report and Recommendation in which to file with the clerk written verification, in affidavit form, of the reasonable attorneys' fees incurred by them in presenting the Rule 11 motion and as a result of Porter's removal of this case, including any

---

[5] Porter asserts that he was hindered in researching the standing issue because he is unlearned in computers and WestLaw.  (Doc. 31, pp. 4, 9).  This argument is unpersuasive, as there are other forms of legal research.

[6] This court's lack of jurisdiction does not divest the court of the power to impose a sanction against Porter under Federal Rule of Civil Procedure 11.  See *Willy v. Coastal Corp.*, 915 F.2d 965, 966-67 (1990) (holding that federal courts have an inherent power to impose Rule 11 sanctions, regardless of whether the court has subject matter jurisdiction), *aff'd*, 503 U.S. 131 (1992); *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (recommending Rule 11 sanctions when there had been a lack of a good-faith effort to determine if jurisdiction was present).

expenses incurred by them in connection with the September 21, 2006 hearing. Following receipt of such verification, if it is provided, Porter will be given an opportunity to respond no later than fifteen (15) after service of the verification. The undersigned will then prepare a report and recommendation with respect to the amount of the sanction.

At Pensacola, Florida, this 21st day of November, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).